RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GEORGE STENNETT** | **CIVIL ACTION NO. 08-0782** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **PREMIER REHABILITATION HOSPITAL, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

On June 3, 2008, Plaintiff George Stennett ("Stennett") filed a Complaint against Defendant Pin Mark Enterprises LLC ("PME") and seven other defendants. [Doc. No. 1].

On April 12, 2010, the Clerk of Court issued a Notice of Intent to Dismiss for Failure to Prosecute [Doc. No. 28] to Stennett, notifying him that the claims against PME and Defendant Scott Markstrom ("Markstrom") would be dismissed for failure to seek default if he did not take action within fourteen (14) days.

On April 16, 2010, Stennett moved for entry of default against PME and Markstrom. [Doc. No. 29]. The same day, the Clerk entered a Notice of Entry of Default against PME and Markstrom. [Doc. No. 31].

On April 19, 2010, PME, Markstrom, and another defendant filed an Answer [Doc. No. 33]. On April 20, 2010, the Court issued a Notice of Deficiency [Doc. No. 34] as to the Answer. The Answer was deficient because 1) an individual signed on behalf of a company, 2) corporations may not appear in a federal civil action pro se, and 3) the only pleading permissible from a party against which default has been entered is a motion to set aside the default. On May

18, 2010, Magistrate Judge Hayes entered an order striking the Answer. [Doc. No. 38].

On June 29, 2010, PME filed a Motion to Set Aside Default [Doc. No. 41] for itself only. PME represents that it has Stennett's consent to set aside the default against it. Because Stennett has not yet filed a motion with the Court to issue a default judgment against PME under FED. R. CIV. PRO. 55 and because PME has obtained Stennett's consent to setting aside the entry of default against it, the Court will grant PME's Motion to Set Aside Default and set aside the Clerk's Entry of Default [Doc. No. 31].

MONROE, LOUISIANA, this __1__ day of July, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE