UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GEORGE STENNETT

VERSUS

PREMIER REHABILITATION HOSPITAL,
LLC, ET AL.

CIVIL ACTION NO. 08-782

JUDGE ELIZABETH ERNY FOOTE

MAGISTRATE JUDGE KAREN L. HAYES

## J U D G M E N T

Having considered the Report and Recommendation of the Magistrate Judge [Record Document 81], together with the written objections thereto [Record Document 86], and, after a de novo review of the record and applicable law, the Court finds that the Magistrate Judge's Report and Recommendation is correct and adopts the factual findings of the Magistrate Judge in their entirety. Furthermore, after reviewing the Proposed Amended Complaint [Record Document 85] filed by Plaintiff George Stennett ("Plaintiff") in response to the Report and Recommendation, the Court finds that the Plaintiff's Proposed Amended Complaint fails to cure the pleadings deficiencies identified by the Magistrate Judge. Specifically, Plaintiff's amended factual allegations fail to allege, with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure, that Plaintiff is the "original source" of the information forming the basis of the complaint or that any of the Defendants acted with the requisite scienter to establish a cause of action under the False Claims Act, 31 U.S.C. § 3729. Plaintiff's Amended Complaint is simply devoid of any detailed allegations concerning the content of actual bills and/or claims submitted to the Government, nor are there any allegations sufficient

to demonstrate that any of the defendants knew the alleged falsehoods would be material to the Government's decision to pay a claim.[1] See §§ 3729(a)(1)-(3); U.S. ex rel Grubbs v. Kanneganti, 565 F.3d 180 (5th Cir. 2009); U.S. ex rel Rafizadeh v. Continental Common, Inc., 553 F.3d 869 (5th Cir. 2008).

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss [Record Document 58] filed by Defendants James A. Joubert, Jr.; Premier Rehabilitation Hospital, L.L.C.; Bionet Medical, L.L.C.; JLM Billing Solutions, L.L.C.; and Joubert Management, L.L.C., be and is hereby **GRANTED**, and that Plaintiff's claims against all Defendants, including Scott Markstrom; Pin Mark Enterprises, LLC; and Home Orthotic & Prosthetic Enterprises, LLC be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' request for attorneys' fees and expenses be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions in this matter be and are hereby **DENIED as moot.**

The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED** on this 7th day of March, 2011.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff's Amended Complaint includes particular allegations about Defendant Joubert's "knowledge," the most that can be inferred from Plaintiff's allegation is that Joubert allowed Bionet to use Premier's provider number to avoid a state survey. [Record Document 85, ¶ 24]. Plaintiff's amended allegations are not sufficient, however, to show that Joubert acted with knowledge or intent to defraud the United States Government. See U.S. ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002) ("The False Claims Act does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe.").